UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
MARK COLLINS,  :
          Petitioner,  :
                        :   07 Civ. 9463 (BSJ)(THK)
    v.  :   **Memorandum & Order**
                        :
DALE ARTUS,  :
         Respondent.  :
------------------------------x

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

    Before the Court are the partial Objections of Petitioner Mark Collins ("Collins") to the Report and Recommendation ("R&R") of Magistrate Judge Theodore H. Katz recommending the denial of Collins's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. With respect to those findings in the R&R to which Collins does not object, I hereby confirm and adopt the R&R, having been satisfied that there is no clear error on the face of the record. See Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). With respect to those findings in the R&R to which objection is made, the Court has reviewed the Petition and the underlying record de novo. See United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). For the following reasons, the Court adopts the R&R, overrules Collins's Objections, and DENIES the Petition.

### BACKGROUND AND PROCEDURAL HISTORY

    On January 17, 2003, Collins was convicted following a jury trial of two counts of Arson in the Second Degree, N.Y. Penal

1

Law § 150.15, two counts of Conspiracy in the Fourth Degree, N.Y. Penal Law § 150.10(1), one count of Burglary in the First Degree, N.Y. Penal Law § 140.30(3), and one count of Tampering with Physical Evidence, N.Y. Penal Law § 215.40(2). On February 8, 2003, Justice Michael R. Ambrecht of New York State Supreme Court sentenced Collins to an aggregate indeterminate term of from twenty-six and two-thirds to thirty-two years in prison, and five years of post-release supervision. The Appellate Division affirmed his conviction. See People v. Collins, 815 N.Y.S.2d 80 (N.Y. App. Div. 2006). The Court of Appeals subsequently denied Collins's request for leave to appeal. See People v. Collins, 855 N.E.2d 802 (N.Y. 2006) (table).

Collins filed his Petition for habeas corpus on October 10, 2007. In the Petition, Collins claims that (1) the trial court violated his right to be present at all material stages of his trial by permitting the jury to read its verdict in his absence; (2) the sentence he received is unduly harsh and violates the law of proportionality and the Eighth Amendment to the United States Constitution; (3) he was denied effective assistance of counsel; and (4) the trial court erred by allowing the prosecution to introduce evidence of uncharged crimes.

On May 11, 2009, Magistrate Judge Katz issued a thorough R&R recommending the denial of Collins's Petition. That R&R describes the procedural history and additional facts of this

2

case in some detail.[1]  On June 4, 2009, Collins submitted partial Objections to the R&R.

## LEGAL STANDARD

When a magistrate judge has issued findings or recommendations, the district court "may accept, reject, or modify [them] in whole or in part."  28 U.S.C. § 636(b)(1)(C). The Court reviews de novo any portions of a Magistrate Judge's R&R to which a petitioner has stated an objection.  28 U.S.C. § 636(b)(1)(C); see Male Juvenile, 121 F.3d at 38.

## DISCUSSION

Collins raises two discrete objections to Magistrate Judge Katz's Report: (1) that he did not knowingly and voluntarily waive his right to be present at the reading of the verdict; and (2) that his sentence is both excessive and disproportionate to the sentences given to other defendants for acts of arson.  Both of these objections constitute a rehashing of the same arguments set forth in Collins's original Petition, and with respect to both the Court agrees with the conclusions of the R&R.

### I. Collins's Absence at the Verdict Reading

Collins claims that he did not knowingly and voluntarily waive his right to be present in the courthouse at the time the verdict was returned.  In his Objections, Collins attempts to distinguish his case from Morgan v. Walsh, No. 01 Civ. 1360,

---

[1]  The Court presumes familiarity with that background, and will not repeat it except where relevant to the analysis set forth here.

3

2003 WL 22019835 (S.D.N.Y. Aug. 27, 2003). In Morgan, the trial judge allowed the jury to return its verdict on a Friday, despite his knowledge that the defendant, a practicing Muslim, would not appear in court. On habeas review, Judge Cote found that Morgan had adequate knowledge that the verdict was to be announced, and therefore that it was not unreasonable for the trial judge to find that Morgan's choice was a voluntary waiver of his right to be present. See Morgan, 2003 WL 22019835, at *4.

Collins claims that, unlike Morgan, he did not knowingly or voluntarily waive his right to be present at the reading of the verdict. See, e.g., Rogers v. United States, 422 U.S. 35, 38-39 (1975). However, as in Morgan, Collins was present for every other part of his trial, and knew that the jury had retired to deliberate. Collins met with his counsel before deciding not to return to the courtroom, and knew that the jury had returned a note. Moreover, the record indicates that the trial court informed Collins at the outset of the trial that if Collins should "refuse to come down from the [holding cell] and so forth, that [he] would be forfeiting [his] right to be present at such hearing and trial and the hearing and trial [would] be conducted in [his] absence." (Tr. at 22-23.) Collins therefore had the required "sufficient 'minimal' knowledge of the nature and purpose" of proceedings that would take place during his

4

absence to allow him to make an informed decision to miss those proceedings. Cohen v. Senkowski, 290 F.3d 485, 491 (2d Cir. 2002).

Accordingly, I find that it was not unreasonable for both the trial court and the Appellate Division to conclude that Collins validly waived his right to be present at the time the verdict was read, and DENY Collins's petition for habeas relief on that basis.

## II. Petitioner's Sentence

Collins makes two related arguments that his sentence was excessive and unconstitutional. First, Collins contends that his sentences for the two arson convictions should not have been identical because one of the acts was more severe than the other. Second, Collins argues that his sentence is excessive when compared with sentences received by other defendants charged with more serious arson offenses. The Court finds both arguments meritless.

In Harmelin v. Michigan, the Supreme Court held that "[t]he Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." 501 U.S. 957, 1001 (1991). Accordingly, the only constitutional sentencing limit cognizable on habeas review is that of gross disproportionality, applicable only in "exceedingly rare" and

5

"extreme" cases. Lockyer v. Andrade, 538 U.S. 63, 73 (2003). "This proportionality principle has overturned non-capital sentences only in extraordinary cases." Merejildo v. Breslin, No. 05 Civ. 3111, 2009 WL 2151835, at *12 (S.D.N.Y. July 16, 2009).

Moreover, it is not unconstitutional for a trial judge to impose similar sentences for crimes of different severity. In general, a trial judge is free to impose any sentence within the statutory range for each conviction. See Ewing v. California, 538 U.S. 11, 25 (2003) ("Selecting the sentencing rationales is generally a policy choice to be made by state legislatures, not federal courts."); White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992) ("[N]o federal constitutional issue is presented where . . . the sentence is within the range prescribed by state law.").

In the instant case, Collins received an aggregate sentence of between twenty-six and two-thirds and thirty-two years imprisonment. Under New York law, he faced a maximum sentence of fifty years. See N.Y. Penal Law §§ 150.15; § 70.02(3) (term of sentence for arson in the second degree). Collins's sentence, therefore, fell well within the acceptable ranges established by the New York legislature.

To support his second argument, Collins cites the sentences imposed for a fire at a Rhode Island nightclub in February 2003 and an arson incident at Seton Hall University in 2000. In

6

fact, it is correct that in both cases, the defendants received lesser sentences than did Collins. However, these cases are easily distinguished from the instant case, as (1) the defendants were tried under the law of different states (Rhode Island and New Jersey, respectively) and (2) the defendants in these cases secured agreements from prosecutors which allowed them to plead to lesser charges.

In assessing the constitutionality of a sentence under the Eighth Amendment, "the court must assess the gravity of the offense and the harshness of the penalty, the sentences imposed on other criminals in the same jurisdiction, and the sentences imposed for commission of the same crime in other jurisdictions." United States v. Bennett, 252 F.3d 559, 567 (2d Cir. 2001), citing Solem v. Helm, 463 U.S. 277, 292 (1983). Collins cannot compare his sentence with those in other jurisdictions, because the defendants are not similarly situated. Nor can his sentence be compared to those of defendants with different charges or those, unlike Collins, who secured plea agreements.

Therefore, having reviewed the Petition and the underlying record de novo, this Court finds that Collins' sentence was within the limits of the Constitution, and holds that his claim does not warrant habeas relief.

**CONCLUSION**

7

For the foregoing reasons, the Court adopts the R&R of Magistrate Judge Katz in its entirety and DENIES Collins' Petition for a Writ of Habeas Corpus.  Because Collins has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  28 U.S.C. § 2253; see United States v. Perez, 129 F.3d 255, 260 (2d Cir. 1997).  Pursuant to 28 U.S.C. § 1915(a)(3), any appeal taken from this order would not be taken in good faith.

The Clerk of the Court is directed to close this case.


**SO ORDERED:**

                                                           BARBARA S. JONES
                                                    UNITED STATES DISTRICT JUDGE


Dated:     New York, New York
            April 21, 2010